UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA TIETZ,

     Plaintiff,

v.                          Case No.:  2:22-cv-826-SPC-KCD

QBE SPECIALTY INSURANCE
COMPANY,

     Defendant.
_____/

## ORDER

Before the Court is Defendant QBE Specialty Insurance Company's Motion to Compel. (Doc. 26.)[1] No opposition has been filed, and the time to do so expired. The Court thus treats the matter as unopposed. *See* Local Rule 3.01(c). At issue are a set of unanswered interrogatories and requests for production, along with untimely answered requests for admission.

### A. Unanswered Discovery

Defendant served Plaintiff with discovery requests that have not been answered despite multiple extensions. (Doc. 26 at 1-2.) Plaintiff has also failed to complete her Rule 26 initial disclosures. (*Id.*) Federal Rule of Civil Procedure 37(a) provides that a party may move for an order compelling discovery in such

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

circumstances. Defendant tried to confer with Plaintiff's counsel to resolve this dispute to no avail. (*See* Doc. 26-2.) And now Plaintiff has failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel). Having received no response in opposition, the Court grants the motion to compel.

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing. The court *must* award expenses if the disclosures or requested discovery are provided following a motion to compel. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

There is no doubt Rule 37(a)(5) applies here. Plaintiff has not answered the discovery requests (or this motion to compel). Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge*

*Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Plaintiff has failed to carry her burden. Indeed, she offers no opposition to the motion to compel. That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

## B. Requests for Admission

Plaintiff received Defendant's first request for admissions in March 2023. (Doc. 26-1.) Under Rule 36, "[a] matter is admitted unless, within 30 days

3

after being served the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Plaintiff did not serve her responses until July 2023, well outside the 30-day window. (Doc. 26 at n.1.) And Defendant says that at no time did it agree to an extension. Thus, Defendant requests that the Court deem the requests admitted.

Because Plaintiff did not respond to the requests for admission within the time allotted, the matters within them are considered admitted under Rule 36(a)(3). *See Barton v. Bray & Gillespie III Mgmt. LLC*, No. 6:06CV663-ORL22JGG, 2007 WL 1139482, at *1 (M.D. Fla. Apr. 17, 2007). Plaintiff does have recourse: "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defendant the action on the merits." *Id.*; *see also Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Thus, Plaintiff can move to set the admissions aside. But until that time, Rule 36(a)(3) controls.

Accordingly, it is now **ORDERED**:

1.    Defendant's Motion to Compel (Doc. 26) is **GRANTED**. By **October 18, 2023**, Plaintiff must serve full and complete responses to the

outstanding discovery requests, as well as provide her Rule 26 initial disclosures.

2.     Defendant's first requests for admission to Plaintiff are considered admitted.

3.     Within fourteen days of this order, the parties must meet and confer about the expenses Defendant reasonably incurred in making the motion under Fed. R. Civ. P. 37(a)(5).

4.     If the parties cannot reach an agreement on a fee award, Defendant must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees if it wishes to pursue such relief.

**ORDERED** in Fort Myers, Florida this October 4, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record